Elizabeth HERRING v. FEDERAL LIFE INS.
CO. (No. 568–4349.)

(Commission of Appeals of Texas, Section B.
Feb. 17, 1926.)

Error to Court of Civil Appeals of Second
Supreme Judicial District.

Will R. Saunders and V. L. Shurtleff, both of
Breckenridge, for plaintiff in error.
Goggans & Allison, of Breckenridge, W. L.
Moore and B. O. Baker, both of Dallas, and C.
A. Atkinson, of Chicago, Ill., for defendant in
error.

POWELL, P. J. The opinion of the Court of
Civil Appeals in this case is reported in 269
S. W. 255. It was an action by Elizabeth Her-
ring upon a $5,000 accident policy issued by de-
fendant in error to her husband. She recov-
ered upon the policy in the district court. That
judgment was reversed and the cause remanded
by the Court of Civil Appeals because of im-
proper argument of counsel for Mrs. Herring
before the trial jury. Both parties filed peti-
tions for writ of error. Both were granted.
We will consider first the application of the in-
surance company:

It is contended that the trial court should have
given a peremptory instruction in the company's
favor because there is no evidence to sustain
the finding of the jury that the death of Her-
ring was due to the fact that he sustained a
bodily injury through external, violent, and ac-
cidental means, which resulted, independently
or exclusively of all other causes, in his death.

The verdict of the jury was sustained by the
trial court and the Court of Civil Appeals. In
its opinion, the latter court says:

"This case is dependent largely on the same
statement of facts as cause No. 10674, Texas
Employers' Insurance Association v. Elizabeth
Herring, * * * which was affirmed by this
court on May 17, 1924, motion for rehearing
overruled October 18, 1924. There are some
differences in the evidence, which we will here-
inafter note, but in the main the testimony is
the same."

We have carefully read the record, and think
this statement is correct. It certainly is with
reference to the external and accidental in-
jury Herring received at the well. In view of
what we have said in our opinion in the other
case, filed contemporaneously herewith, it is not
necessary for us to say anything further here.
We think there is no evidence that Herring re-
ceived a bodily injury through external, acci-
dental, and violent means.

Since the case must be reversed anyway, we
express no opinion as to whether or not there
is any evidence that the injury pleaded, even if
proved, independently or exclusively of all other
causes, resulted in Herring's death.

The application filed by Mrs. Herring is based
upon the ruling of the Court of Civil Appeals
upon improper argument of her counsel. As
that question will likely not arise upon another
trial, we express no opinion upon this matter.
But we would suggest that counsel in arguing
any case make no attempt to get before the jury
evidence which has been excluded by the court.
As already shown, we have differed with the

Court of Civil Appeals wherein it held that there
was evidence raising one of the essential is-
sues in this case. But, we think the Court of
Civil Appeals has entered the correct judgment
in remanding the cause.

Therefore, we recommend that the judgment
of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommend-
ed in the report of the Commission of Appeals is
adopted, and will be entered as the judgment of
the Supreme Court.